GEORGE J. PULVER, JR., ESQ. County Attorney, Greene County
This is in response to your letter received on December 22, 1976, requesting an opinion of the Attorney General as to whether or not the Chairman of the Health Committee of the Greene County Legislature may be appointed to serve on the Board of Managers of the Greene County Hospital without creating an incompatibility of the two offices.
The county legislature is the elected county legislative body, and pursuant to County Law § 150-a, the county legislature possesses all of the powers and obligations which by law are vested in the county board of supervisors. Pursuant to General Municipal Law § 128, the Board of Managers of the Greene County Hospital must make a detailed annual report to the county legislature regarding the operations of the hospital; and the county legislature must approve various actions and expenditures recommended by the Board of Managers.
We find no statute which would prohibit the holding of the office of member of the Greene County Legislature and the office of member of the Board of Managers of the Greene County Hospital simultaneously by the same person. However, in an opinion of the Attorney General dated August 25, 1976, addressed to Raymond F. Loucks, we concluded that the positions of member of the Schenectady County Board of Representatives and member of the Board of Managers of the Schenectady County Hospital are incompatible and the appointment of a supervisor as a member of the Board of Managers results in a conflict of interest. The same principles of the common law concept of incompatibility of offices, and the function of the county legislature as an impartial and disinterested body in the review of the activities and recommendations of the Board of Managers, would apply in this situation. The two offices are incompatible in that one person would occupy the position of an officer presenting his judgments and recommendations to a body, and also being an officer of that body whose duty is to review the judgments and recommendations presented. Two offices are incompatible at common law if one of the offices is subordinate to the other, and one office has the right to interfere with the other. People ex rel. Ryan v. Green, 58 N.Y. 295. The attempt at an impartial review of the operations of the hospital would be frustrated in that one member of the reviewing body had already taken a position on the matter as a member of the Board of Managers.
There does not appear to be any significant difference between the functions of the Schenectady County Board of Representatives and the Greene County Legislature regarding the activities of the Board of Managers of the county-owned hospitals. The facts in this situation closely parallel those presented in the opinion of the Attorney General dated August 25, 1976 referred to above, and the principles set forth in that opinion are equally applicable to the present situation. Based on the facts presented, and our previous opinion, we conclude that a member of the Greene County Legislature may not be appointed to serve on the Board of Managers of the Greene County Hospital without creating an incompatibility of the two offices.